**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: | : Bankruptcy No. 20-13446-elf |
| Brenda G Martin | : Chapter 13 |
|           Debtor | : |
| | : |
| Bridgecrest Credit Company, LLC | : |
|           Movant | : |
| | : |
|       vs. | : |
| | : |
| Brenda G Martin and William F Epp (Non-filing Co-Debtor) | : |
|           Debtor/Respondent | : |
|       and | : |
| William C. Miller, Esquire | : |
|           Trustee/Respondent | : |

## MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY UNDER 11 U.S.C. § 362 AND §1301

Movant, by its Attorneys, Hladik, Onorato & Federman, LLP, hereby requests a Termination of the Automatic Stay and leave to proceed with its State Court rights provided under the terms of the Contract and Security Agreement.

1. Movant is Bridgecrest Credit Company, LLC ("Movant").

2. Debtor, Brenda G Martin ("Debtor") filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code on August 23, 2020.

3. William C. Miller, Esquire is the Trustee appointed by the Court.

4. Debtor and William F Epp (Non-filing Co-Debtor) purchased a 2011 GMC Sierra 1500, Vin #1GTN1TEX0BZ282021 (the "Vehicle"), pursuant to a Simple Interest Retail Installment Contract, dated January 28, 2017, in the original principal amount of $22,848.03 (the "Contract"), a copy of which is attached hereto as Exhibit "A".

5. Movant is the holder of a security interest in the aforesaid Vehicle, which interest has been perfected through notation on the Pennsylvania Certificate of Title. A true and correct copy of the Title is attached hereto as Exhibit "B".

6. Movant has not received the bi-weekly post-petition payments from September 05, 2020 through August 21, 2021 in the amount of $224.59 each, as well as attorney fees and costs in the amount of $638.00, and late fees in the amount of $20.00, for a total post-petition arrearage of $6,497.34.

      7.      The approximate value of the Vehicle as per the NADA Official Used Car Guide is $13,200.00 (Clean retail value).

      8.      The approximate total amount necessary to pay off the Vehicle, as of July 13, 2021, is $13,494.99.

      9.      Movant has cause to have the Automatic stay terminated in order to permit Movant to complete the sale of the Vehicle.

**WHEREFORE,** Movant respectfully requests that this Court enter an Order:

      a.      Modifying the Automatic Stay and Co-Debtor Stay under 11 U.S.C. § 362 and §1301 of the Bankruptcy Code with respect to the Vehicle as to permit Movant to sell the Vehicle

      b.      Granting any other relief that this Court deems equitable and just.

Respectfully Submitted,

Date: 08/25/2021

/s / Bradley J. Osborne, Esquire
Bradley J. Osborne, Esquire
Hladik, Onorato & Federman, LLP
Attorney I.D. # 312169
298 Wissahickon Avenue
North Wales, PA 19454
Phone 215-855-9521
Email: bosborne@hoflawgroup.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | : Bankruptcy No. 20-13446-elf |
| Brenda G Martin | : Chapter 13 |
|     Debtor | : |
| | : |
| Bridgecrest Credit Company, LLC | : |
|     Movant | : |
| | : |
|     vs. | : |
| | : |
| Brenda G Martin and William F Epp (Non-filing Co-Debtor) | : |
|     Debtor/Respondent | : |
|     and | : |
| William C. Miller, Esquire | : |
|     Trustee/Respondent | : |

## CERTIFICATION OF SERVICE OF MOTION, RESPONSE DEADLINE AND HEARING DATE

      I, Bradley Osborne, attorney for Movant, Bridgecrest Credit Company, LLC, hereby certify that I served a true and correct copy of the Motion for Relief from Automatic Stay and Notice of Motion, Response Deadline and Hearing Date, by United States Mail, first class, postage prepaid, or Electronic Mail on **08/25/2021** upon the following:

Brad J Sadek, Esquire  
Via ECF  
*Attorney for Debtor*

Brenda G Martin  
William F Epp  
1405 Pennsylvania Avenue  
Croydon, PA 19021  
Via First Class Mail  
*Debtor and Non-filing Co-Debtor*

William C. Miller, Esquire  
Via ECF  
*Trustee*

                                              Respectfully Submitted,

Date: 08/25/2021

                                              /s / Bradley J. Osborne, Esquire  
                                              Bradley J. Osborne, Esquire  
                                              Hladik, Onorato & Federman, LLP  
                                              Attorney I.D. # 312169  
                                              298 Wissahickon Avenue  
                                              North Wales, PA 19454  
                                              Phone 215-855-9521  
                                              Email: bosborne@hoflawgroup.com

# **EXHIBIT A**

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

Case 20-13446-elf    Doc 59    Filed 08/25/21    Entered 08/25/21 14:53:16    Desc Main Document    Page 5 of 11

**SIMPLE INTEREST RETAIL INSTALLMENT CONTRACT**    **REPRINT DATE:** 1/28/2017    **SALES DATE:** 01/28/2017

| Buyer (and Co-Buyer) Name and Address | Dealer/Creditor Name and Address |
|---|---|
| William F Epp<br>Brenda G Martin<br>1405 Pennsylvania Ave<br>Crovdon, PA 19021-6739 | DRIVETIME CARSALES COMPANY, LLC  DBA: DRIVETIME LINCOLN HWY<br>1816 E LINCOLN HWY<br>LANGHORNE, PA 19047-3040 |

You, the Buyer (and Co-Buyer, if any) shown above, agree to buy the motor vehicle described below (the "Vehicle") on credit subject to the terms and conditions of this contract and security agreement (the "Contract"). By signing below, you represent that you have been quoted only one cash price for the Vehicle. "We", "us" and "our" refer to the Dealer shown above and any person to which we may transfer or assign the Contract.

| New/Used | Model Year and Make | Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2011 GMC | Sierra 1500 | 1GTN1TEX0BZ282021 | [X] Personal   [ ] Agricultural<br>[ ] Business |

Trade-In: _____ Year _____ Make _____ Model

### FEDERAL TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate | FINANCE CHARGE<br>The dollar amount the credit will cost you | Amount Financed<br>The amount of credit provided to you or on your behalf | Total of Payments The amount you will have paid when you have made all scheduled payments | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 850.00 |
|---|---|---|---|---|
| 15.334 % | $ 12,411.79 | $ 22,848.03 | $ 35,259.82 | $ 36,109.82 |

**Payment Schedule**

| Number of Payments | Amount of Each Payment | When Payments Are Due |
|---|---|---|
| 156 | $224.59 | BiWeekly beginning 02/25/2017 |
| 1 | $223.78 | Ending 02/18/2023 |

**Prepayment:** If you pay off your debt early, you will not have to pay a penalty.

**Late Payment:** You must pay a late charge on the part of each payment not made within 10 days after the date the payment is due. The charge is 2% per month of the delinquent amount.

**Security Interest:** You are giving a security interest in the Vehicle being purchased. Please read this Contract for additional information on security interests, non-payment, default, and our right to require repayment of your debt in full before the scheduled maturity date.

## INSURANCE

YOU MAY OBTAIN INSURANCE ON THE VEHICLE FROM A PERSON OF YOUR CHOICE THAT IS AUTHORIZED TO SELL SUCH INSURANCE AND IS ACCEPTABLE TO US.

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED.

## NOTICES REQUIRED BY FEDERAL LAW

Used motor vehicle Buyers Guide. If you are buying a used vehicle with this Contract, federal regulations may require a special Buyers Guide to be displayed on the window of the Vehicle. THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF THE SALE.

_____

NOTICE - ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

## ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| 1 **Purchase Price** (Including sales tax of $1,241.40 any accessories, their installation, and taxes) | $19,036.40 | (1) |
| 2 **Down Payment** | | |
| (2a) Cash Down Payment | $850.00 | (2a) |
| (2b) Trade-In Allowance | $0.00 | (2b) |
| (2c) Trade-In Payoff | $0.00 | (2c) |
| Payoff To: _____ | | |
| (2d) Net Trade-In (Description Page 1) (2b minus 2c) | $0.00 | (2d) |
| **Total Down Payment (2a plus 2d)** | $850.00 | (2) |
| 3 **Unpaid Balance of Purchase Price** (1 minus 2) | $18,186.40 | (3) |
| 4 **Amounts Paid to Others on Your Behalf** | | |
| (a) To Public Officials | | |
| License, title & registration fees | $16.43 | |
| License, title & registration fees | $102.20 | |
| Filing fees | $24.00 | |
| *(b) **Other Charges:** | | |
| *To: DriveTime  For Documentary Preparation Charge | $134.00 | |
| **To: DriveTime  For MotionGPS plus SilverRock | $695.00 | |
| **To: DriveTime  For SilverRock DriveCare Powertrain | $2,895.00 | |
| **To: DriveTime  For SilverRock GAP Coverage | $795.00 | |
| **Total Amounts Paid to Others on Your Behalf (a plus b)** | $4,661.63 | (4) |
| ** Dealer may retain or receive a portion of these amounts paid to others, except those fees paid to public officials. | | |
| 5 **Balance of Purchase Price and Other Charges** (3 plus 4) | $22,848.03 | (5) |
| 6 **Amount Financed** | $22,848.03 | (6) |

**Promise to Pay and Payment Terms:** You promise to pay us the Amount Financed, plus Finance Charges accruing on the unpaid balance at the rate of **15.334%** per year (the "Contract Rate") from today's date until paid in full. Finance charges accrue on a daily simple interest basis. As outlined above in the Truth In Lending Disclosures you agree to pay this Contract according to the payment schedule by paying the amount stated in the Total of Payments box, or a greater amount. You also agree to pay the late charge shown above and any additional amounts according to the terms and conditions of this Contract.

**General Terms; Payments:** You have been given the opportunity to purchase the Vehicle and any other products and services identified in this Contract for the Total Sale Price. The Total Sale Price is the total price of the Vehicle and any other products or services plus the Finance Charges if you buy them over time. You agreed to purchase the items over time. The Total Sale Price in the TRUTH IN LENDING DISCLOSURES assumes that you will make all payments as scheduled. The actual amount you will pay may be more or less depending on your payment record.

**Prepayment:** You may prepay this Contract at any time without penalty. Any partial prepayment will not excuse any later scheduled payments. You may obtain from us or our assignee or the insurance company named in your policy or certificate of insurance a refund of any prepaid, unearned insurance premiums.

**Security Interest:** To secure your obligations, you give us a "first priority" security interest in the Vehicle, all accessions, attachments, accessories and equipment placed in or on the Vehicle and all proceeds of the Vehicle. You also agree to give us a security interest in all money or goods received for the Vehicle and all insurance premiums, service and other contracts we finance. The security interest secures payment of all amounts you owe in this Contract and performance of your other agreements in this Contract. You agree a "first priority" security interest is a security interest before any other party's lien, claim, interest or right in or to the Vehicle. You will not grant anyone else a security interest, lien or any other claim to the Vehicle without our express prior written consent. We reserve our right to setoff insurance proceeds or excess amounts of estimated official fees and taxes that we may receive against the principal amount of what you owe us under the Contract to the extent not prohibited by applicable law.

The original document is owned by Bridgecrest Acceptance Corporation and this copy was created on Jan 30, 2017 02:38:59 AM.

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

**Finance Charges:** This is a simple interest Contract. The finance charge you pay will depend on how you make your payments. Your actual finance charges may be more than the disclosed Finance Charges if you make your payments late or in less than the scheduled amount. We will apply payments to late charges, finance charges and to the unpaid balance of the Contract in any manner we choose unless we are required by law to apply payments in a particular order. Finance charges are earned by applying the Contract Rate to the unpaid balance of the Contract for the time such balance is owed, subject to the finance charge free period, if any, described on the first page of this Contract.

**Use of Vehicle:** You must take care of the Vehicle. You must obey all laws in using it. You must keep the Vehicle in your possession at the Buyer's address shown above, unless we approve another address in writing. You may not sell or transfer any rights in the Vehicle without our prior written consent. You must keep it free from the claims of others. You will not take it out of the United States without our prior written consent. You will immediately tell us of any change in your address or the address where the Vehicle is regularly kept. You agree not to add to the Vehicle any accessories, equipment or any other property in which any other person has an ownership or security interest.

**Warranties Seller Disclaims:** Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this Contract, **the Seller makes no warranties, express or implied, on the Vehicle, and there will be no implied warranties of merchantability or fitness for a particular purpose.** This provision does not affect any warranties covering the vehicle or parts thereof that the Vehicle manufacturer or parts supplier may provide. Only the manufacturer or supplier shall be liable for performance under their warranties.

**Vehicle Insurance:** You must insure yourself and us for the term of this Contract against loss of or damage to the Vehicle with a policy in the Buyer's name. You must maintain comprehensive fire, theft and collision coverage, insuring the Vehicle in an amount acceptable to us, name us as loss payee and provide whatever evidence of insurance we request. We must approve the type and amount of insurance that you obtain. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. If you do not maintain the required insurance, we may buy substantially similar coverage at your expense. We may add the cost of such insurance to your obligations due under this Contract and/or collect those costs separately from you. You agree to pay such costs either upon our demand or in installments, subject to a finance charge at the Contract Rate, if we elect to apply a finance charge. The insurance we buy may, at our option, protect only our interest, or both your interest and ours. Insurance we buy may cost substantially more than insurance you buy. We will cancel the insurance we buy if you give us satisfactory proof of insurance reasonably acceptable to us. Whether or not the Vehicle is insured, you will pay us all you owe under this Contract even if the Vehicle is lost, damaged beyond repair, or destroyed.

You are not required as a condition of financing the purchase of the Vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. Your choice of insurance providers will not affect our decision to sell you the Vehicle or extend credit to you.

**Returned Check Charge:** If you make any payment required by this Contract with a check that is returned or dishonored you agree to pay a charge equal to $15.00. If the fee is not paid when due, we may add this fee to the unpaid balance of this Contract.

**Default:** You will be in default if any one of the following occurs (except as may be prohibited by law):
1. You fail to make any payment due under this Contract, including any down payment, in full when such payment is due.
2. We are unable to obtain a first priority security interest in the Vehicle.
3. You give another person a security interest in the Vehicle without our consent.
4. You fail to obtain or maintain insurance on the Vehicle as required by this Contract.
5. You gave us false or misleading information on your application relating to this Contract, if we cannot verify any information that you have provided us, if any information you provided to us is false, if we discover a material adverse change in such information during the review process, or if you do not cooperate in the verification and review process described below.
6. You fail to keep any other agreement or promise you made in this Contract.
7. You die, become incompetent, and generally fail to pay your debts when they become due or if you file a bankruptcy petition or if one is filed against you.
8. The Vehicle is lost, **damaged beyond repair, or destroyed** or any other event occurs that causes us to believe that our prospects for payment or realization upon the Vehicle are impaired.

We may require you to pay at once the unpaid Amount Financed, the earned and unpaid part of the Finance Charge and all other amounts due under this Contract (the entire unpaid balance) if you (I) fail to make any payment under this Contract when due, (ii) fail to pay any taxes owed on the Vehicle, (iii) fail to furnish proof of payment of taxes owed on the Vehicle (iv) use the Vehicle for illegal purposes; (v) file for bankruptcy; (vi) you default in the payment of a cross-collateralized obligation; or (vii) you intentionally provide fraudulent and misleading information on a credit application. If as a consequence of your default we require that you pay the entire unpaid balance, we will charge you interest at the Contract Rate on the entire unpaid balance from the date of our notice to you demanding payment of the entire unpaid balance. Additionally, we may take back (repossess) the Vehicle. We may also take items of personal property found in the Vehicle when we take back the Vehicle and hold them for you. If, after providing you with notice of our intent to dispose of such personal property as required by law and after allowing you time to claim the property as required by applicable law you do not claim your personal property, we will dispose of the personal property in a commercially reasonable manner.

We may cancel any insurance or other products or services you have purchased in this Contract and apply any refunds we receive to the amount you owe. You agree to pay for the costs of a lawsuit and our reasonable attorney's fees if we take the Property through legal action. At the time we take the Property, you must pay the expenses for taking, repairing, and storing the Property as allowed by law. We may only collect expenses from you if more than 15 days passed from the day you broke the terms of this Contract to the day we took the Property.

If we take back the Vehicle, we will sell it unless you exercise any right to cure, reinstate the Contract or redeem the Vehicle that you may have under state law. The sale proceeds, less the actual amounts we pay for retaking, holding, preparing for disposition, processing and disposing of the Vehicle, and less our attorneys' fees and legal costs to the extent such costs, fees and expenses are permitted by applicable law, will be used to pay the amount you owe on this Contract. Any money left will be paid to you unless the law requires that we pay it to someone else. If the sale proceeds are not enough to pay off this Contract and costs, and we have complied with the applicable notice requirements, you will be obligated to pay us what is still owed (the deficiency).

We can, without notice, delay enforcing our rights or exercise only part of them without losing them, waive a right we have without waiving it for subsequent opportunities to exercise that right, and waive a right we have as to one Buyer without waiving it as to the other(s). You also expressly waive demand for payment, notice of non-payment, presentment, notice of dishonor, protest, notice of protest, notice of intent to accelerate and notice of acceleration.

The original document is owned by Bridgecrest Acceptance Corporation and this copy was created on Jan 30, 2017 02:38:59 AM.

**Assignment:** You may not assign your rights under this Contract without our permission.

**General:** Any change in this Contract must be written and signed by you and us. The law of the state of the Dealer's place of business shown in this Contract applies to this Contract. If that law does not allow all the agreements in this Contract, the ones that are not allowed will be void. The rest of this Contract will still be good.

Any provision that appoints us as an agent is not subject to the provisions of 20 Pa. Con. Stat. Section 5601 *et seq.* (Chapter 56; Decedents, Estates and Fiduciaries Code). We, by exercising any of our rights under this Contract, do so for the sole benefit of us.

**After-Sale Review and Verification Process:** The Vehicle sold to you is subject to an after-sale review and verification of the information you have provided to us. You have agreed to cooperate with the after-sale review and verification process.

**Limitation on Damages:** Unless prohibited by law, you shall not be entitled to recover from us any consequential, incidental or punitive damages, damages to property or damages for loss of use, loss of time, loss of profits, or income or any other similar damages. We are not liable for any failure or delay in delivering the Vehicle to you if it is beyond our control, not our fault or we are not negligent.

**References/Credit Reports:** We may contact your employer or your references to verify the information you provided to us in your application or in connection with this Contract. We may also contact your employer or your references if we are unable to locate you. The servicer of this Contract may also do so. Federal or state law may limit these contacts. You also consent to us or a servicer, obtaining a credit report(s) in connection with the servicing of the Contract.

**Odometer (mileage):** Each of your and our representations regarding odometer readings are subject to information provided by others, including government agencies. We each understand that this information is not always accurate. As permitted by applicable law, neither of us is responsible for any inaccuracies in this information to the extent it is not the party's fault.

**Disclosure on Airbags:** We disclaim any knowledge of, and make no representation or warranty as to the condition or operability of the airbag(s) on the Vehicle unless otherwise disclosed to you on the AutoCheck Vehicle History Report. You acknowledge that we have not made any representations, oral or in writing, as to the condition or operability of the airbag(s), and you accept the Vehicle without representation or warranty from us. You further acknowledge that you had the opportunity to have the airbag(s) checked by someone of your choice prior to the completion of the sale.

**Liability Insurance Required:** You understand that state law requires you to purchase and maintain liability insurance. We do not provide liability insurance for you and it is not included in your Contract. You are not required as a condition of financing the purchase of the Vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. Your choice of insurance providers will not affect our decision to sell you the Vehicle or extend credit to you.

**Record Retention:** You agree that we may maintain documents and records related to the Vehicle and the Contract electronically, including, but not limited to, documents and record images, and that we may dispose of original documents. You agree that a copy of any such electronic records may be used and shall be deemed to be the same as an original in any arbitration, judicial, or non-judicial or regulatory proceeding relating to the Vehicle.

**Statement of Account:** You have the right to request and receive a completed and detailed statement of account as provided for in Pa. Cons. Stat. tit. 12 § 6230(a). You can request the statement of account any time after execution of this Contract and within 1 year after the termination of this Contract. We will provide you one statement without charge. For additional statements, we will assess a reasonable fee not to exceed the cost of production.

**Assignment of Dealer:** For value received, Dealer hereby transfers to BRIDGECREST ACCEPTANCE CORPORATION ("Assignee") all of its right, title, and interest in the Contract and the Vehicle. This transfer and assignment is made pursuant to and is subject to any Agreement between Dealer and Assignee by which Assignee has agreed to accept the transfer and assignment of contracts from Dealer.

**Arbitration Agreement:** The arbitration agreement entered into between you and Dealer is incorporated by reference into and is a part of this Contract.

If you encounter a problem, you may have additional rights under the Unfair Trade Practices and Consumer Protection Law, which is enforced by the Pennsylvania Office of Attorney General, Bureau of Consumer Protection.

**Vehicle Service Contract & Optional Products Disclosure:** Any Vehicle Service Contract you entered into between you and Dealer is incorporated by reference into and is a part of this Contract. The Optional Products Disclosure you signed is incorporated by reference into and is a part of this Contract.

**Communication Consent:** You agree that we may monitor and record telephone calls regarding your account to assure the quality of our service or for other reasons. You agree that we may call you, using an automatic telephone dialing system or otherwise, leave you a voice, prerecorded, or artificial voice message, or send you a text, e-mail, or other electronic message for: 1) telemarketing or advertising purposes, 2) any purpose related to the servicing and collection of your accounts with us, or 3) for surveys or research (each a "Communication"). You agree that we may send a Communication to any telephone numbers, including cellular telephone numbers, or email addresses you provided on the first page of this Application. Your consent is not required as a condition of financing or purchase. You can revoke consent at any time by calling 800-967-8526 or by writing DriveTime Customer Service at P.O. Box 52020, Phoenix, AZ 85072. You also agree that we may include your personal information in a Communication. You agree that we will not charge you for a Communication, but your service provider may. In addition, you understand and agree that we may always communicate with you in any manner permissible by law that does not require your prior consent.

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.
The original document is owned by Bridgecrest Acceptance Corporation and this copy was created on Jan 30, 2017 02:38:59 AM.

**NOTICE TO BUYER**

DO NOT SIGN THIS CONTRACT IN BLANK. YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN. KEEP IT TO PROTECT YOUR LEGAL RIGHTS. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE BUYER COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE BUYER SHALL NOT EXCEED AMOUNTS PAID BY THE BUYER HEREUNDER.



X *William Epp*      X *Brenda Martin*
**Buyer Signs**       **Co-Buyer Signs**

By signing below, the Dealer/Creditor accepts this Contract

X *Jon Ehlinger*
**Dealer**

BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1, 2, 3, 4 AND 5 OF THIS CONTRACT AND ACKNOWLEDGES RECEIVING A COPY OF THIS CONTRACT.



X *William Epp*      X *Brenda Martin*
**Buyer Signs**       **Co-Buyer Signs**

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

The original document is owned by Bridgecrest Acceptance Corporation and this copy was created on Jan 30, 2017 02:38:59 AM.

# **EXHIBIT B**

# COMMONWEALTH OF PENNSYLVANIA
## CERTIFICATE OF TITLE FOR A VEHICLE

FUEL TYPE: GASOLINE

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE OF VEHICLE | TITLE NUMBER |
|---|---|---|---|
| 1GTN1TEX0BZ2B2021 | 2011 | GMC | DR |

| BODY TYPE | DUP | SEAT CAP | PRIOR TITLE STATE | ODOM PROCD DATE | ODOM. MILES | ODOM. STATUS |
|---|---|---|---|---|---|---|
| TK | 0 | | PA | 12/27/14 | 04834 | 0 |

| DATE PA TITLED | DATE OF ISSUE | UNLADEN WEIGHT | GVWR | GCWR | TITLE BRANDS |
|---|---|---|---|---|---|
| 03/01/11 | 12/27/14 | 4,408 | 6,400 | | |

**ODOMETER STATUS**
0 = ACTUAL MILEAGE
1 = MILEAGE EXCEEDS THE MECHANICAL LIMITS
2 = NOT THE ACTUAL MILEAGE
3 = NOT THE ACTUAL MILEAGE-ODOMETER TAMPERING VERIFIED
4 = EXEMPT FROM ODOMETER DISCLOSURE

**TITLE BRANDS**
A = ANTIQUE VEHICLE
C = CLASSIC VEHICLE
D = COLLECTIBLE VEHICLE
F = OUT OF COUNTRY
G = ORIGINALLY MFGD. FOR NON-U.S. DISTRIBUTION
H = AGRICULTURAL VEHICLE
L = LOGGING VEHICLE
P = IS/WAS A POLICE VEHICLE
R = RECONSTRUCTED
S = STREET ROD
T = RECOVERED THEFT VEHICLE
V = VEHICLE CONTAINS REISSUED VIN
W = FLOOD VEHICLE
X = IS/WAS A TAXI

REGISTRATION NOT TO BE ISSUED - TAX UNPAID

REGISTERED OWNER(S)
DRIVETIME
1425 E RIDGE PKE
PLYMOUTH MTG PA 19462

FIRST LIEN FAVOR OF:

SECOND LIEN FAVOR OF:

If a second lienholder is listed upon satisfaction of the first lien, the first lienholder must forward this Certificate of Title to the Bureau of Motor Vehicles with the appropriate form and fee.

FIRST LIEN RELEASED _____ DATE _____
BY _____ AUTHORIZED REPRESENTATIVE

SECOND LIEN RELEASED _____ DATE _____
BY _____ AUTHORIZED REPRESENTATIVE

MAILING ADDRESS
000000
DRIVETIME
1425 E RIDGE PKE
PLYMOUTH MTG PA 19462

**pennsylvania**
DEPARTMENT OF TRANSPORTATION

I certify as of the date of issue, the official records of the Pennsylvania Department of Transportation reflect that the person(s) or company named herein is the lawful owner of the said vehicle.

LESLIE S. RICHARDS
Secretary of Transportation

### D. APPLICATION FOR TITLE AND LIEN INFORMATION

TO BE COMPLETED BY PURCHASER WHEN VEHICLE IS SOLD AND THE APPROPRIATE SECTIONS ON THE REVERSE SIDE OF THIS DOCUMENT ARE COMPLETED.

SUBSCRIBED AND SWORN TO BEFORE ME:
MO. DAY YEAR

SIGNATURE OF PERSON ADMINISTERING OATH

STAMP OR SEAL
SIGN IN PRESENCE OF A NOTARY

If a co-purchaser other than your spouse is listed and you want the title to be listed as "Joint Tenants With Right of Survivorship" (on death of one owner, title goes to surviving owner) CHECK HERE ☐. Otherwise, the title will be issued as "Tenants in Common" (on death of one owner, interest of deceased owner goes to his/her heirs or estate).

IF NO LIEN, CHECK ☐  IS THIS AN ELT? (IF YES, FIN REQUIRED)  YES ☐ NO ☐

1ST LIENHOLDER FINANCIAL INSTITUTION NUMBER:

1ST LIENHOLDER: **Bridgecrest Acceptance Corp**
STREET: **PO Box 2997**
CITY: **Phoenix,** STATE: **AZ** ZIP: **85062-2997**

IF NO 2ND LIEN, CHECK ☐ IS THIS AN ELT? (IF YES, FIN REQUIRED) YES ☐ NO ☐

2ND LIENHOLDER FINANCIAL INSTITUTION NUMBER:

2ND LIENHOLDER NAME:
STREET:
CITY: STATE: ZIP:

The undersigned hereby makes application for Certificate of Title to the vehicle described above, subject to the encumbrances and other legal claims set forth here.

SIGNATURE OF APPLICANT OR AUTHORIZED SIGNER
SIGNATURE OF CO-APPLICANT/TITLE OR AUTHORIZED SIGNER

**STORE IN A SAFE PLACE - IF LOST APPLY FOR A DUPLICATE - ANY ALTERATION OR ERASURE VOIDS THIS TITLE**